**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:26-CV-P110-JHM**

**NATHAN PRIVETT** **PLAINTIFF**

**v.**

**L.M.D.C. MENTAL HEALTH *et al.*** **DEFENDANTS**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Nathan Privett filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court upon initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, the Court will dismiss the action but will dismiss some of the claims without prejudice.

## I. FACTUAL ALLEGATIONS

Plaintiff's complaint arises out of his previous incarceration at Louisville Metro Department of Corrections (LMDC). Plaintiff names the following as Defendants: "L.M.D.C. Mental Health"; Brittney, whom he identifies as a Mental Health Supervisor; Mr. Sheapeard, whom he identifies as a Mental Health Tech; and Mark, whom he identifies as "Mental Health." He sues each person named in his or her individual and official capacities.

Plaintiff filed the complaint on a form for filing a civil rights complaint by a prisoner, although it is not filed on this Court's approved form. Some of the form is left blank. Where the form asks for the date and approximate time of the events giving rise to the claims, Plaintiff states, "June 13 at 12:00 or 13:00." Where the form asks the filer to state where the events arose, Plaintiff states, "On the mental health floor from 6-13-24 etc." Elsewhere in the form, Plaintiff states that "they refused to give me my med see the phsy doctor." Where the form requests the filer to state the injuries sustained, Plaintiff states, "Was highly angry, mood was poor." Where

the form asks for the relief requested, Plaintiff states, "To grant 7,975,575.00 for failure to give prescribe phsy. meds."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)).

To the extent Plaintiff names "L.M.D.C. Mental Health" as a Defendant, it is not sufficient for Plaintiff to sue the LMDC mental health department because it fails to put any Defendant on notice of a claim against him or her. *See Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Therefore, Plaintiff's claim against Defendant "L.M.D.C. Mental Health" will be dismissed for failure to state a claim.

As to Plaintiff's allegations against the three individuals named as Defendants, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); *see also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material

facts . . . and indicate what each defendant did to violate his rights.") (citations omitted). While Plaintiff broadly alleges that he was denied psychiatric treatment, his complaint fails to state facts to allege how any of the Defendants was personally involved in the alleged violation of his rights. Therefore, these claims will be dismissed for failure to state a claim upon which relief may be granted.

However, the Court will dismiss these claims without prejudice and with leave to amend for Plaintiff to provide specific facts as to how each individual Defendant allegedly violated his rights, including the specific date the denial occurred. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].)"; *Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). **The amended complaint must be filed on the Court's approved form**.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action. As stated above, Plaintiff's claims against Defendants Brittney, Mr. Sheapeard, and Mark will be dismissed without prejudice and with leave to amend for Plaintiff to state specific facts against each individual, including the date the denial occurred.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than October 16, 2026**.

The **Clerk of Court is DIRECTED** to place this case number and word “Amended” on a § 1983 complaint form and three summons forms and send them to Plaintiff should he choose to amend the complaint.

Date: September 17, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010